FILED _____ LODGED
_____ RECEIVED

AUG 08 2011

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                                    DEP...

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,              )   NO. CR11-5169
                                       )
              Plaintiff,               )   FINDINGS AND ORDER ACCEPTING
                                       )   DEFENDANT FOR DEFERRED
         vs.                           )   PROSECUTION, APPROVING
                                       )   TREATMENT PLAN, AND DIRECTING
CASEY DEAN HAUFF,                      )   DEFENDANT TO TAKE TREATMENT
                                       )   AS PRESCRIBED
              Defendant/Petitioner.    )
                                       )   (Clerk's Action Required)
                                       )

THIS MATTER, coming on for hearing this 8th day of August, 2011 upon the defendant's Petition for Deferred Prosecution; the defendant appearing in person and by his attorney, Jerome Kuh, Assistant Federal Public Defender; the United States of America being represented by Barbara Sievers Assistant United States Attorney; the Court, having examined and incorporated into the record Petitioner's Petition and Statement in support of deferred prosecution, the evaluation and treatment report prepared by The Center for Alcohol & Drug Treatment (herinafter "The Center"), and the files and records herein, being fully advised in the premises, does now make and enter the following:

/ / /

/ / /

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

## I. FINDINGS OF FACT

A. On or about the January 10, 2011, Petitioner was charged with the offense/ offenses charged in the Information. This offense occurred as a direct result of alcoholism/chemical dependency problems;

B. Petitioner suffers from an alcohol/drug problem and is in need of treatment;

C. The probability of similar misconduct in the future is great if the problem is not treated;

D. Petitioner is amenable to treatment;

E. An effective rehabilitative treatment plan is available to Petitioner through The Center, an approved treatment facility as designated by the laws of the State of Washington, and Petitioner agrees to be liable for all costs of this treatment program;

F. That Petitioner agrees to comply with the terms and conditions of the program offered by the treatment facility as set forth in the diagnostic evaluation from The Center, attached to Statement of Petitioner filed herewith, and that Petitioner agrees to be liable for all costs of this treatment program;

G. That Petitioner has knowingly and voluntarily stipulated to the admissibility and sufficiency of the facts as contained in the written police report attached to Statement of Petitioner filed herewith.

H. That Petitioner has acknowledged the admissibility of the stipulated facts in any criminal hearing or trial on the underlying offense or offenses held subsequent to revocation of this Order Granting Deferred Prosecution and that these reports will be used to support a finding of guilt;

From the foregoing FINDINGS OF FACT, the Court draws the following:

///

///

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

## II. CONCLUSIONS OF LAW

A. That the above-entitled Court has jurisdiction over the subject matter and Petitioner Casey Hauff, in this case;

B. That Petitioner's Petition for Deferred Prosecution meets the requirements of RCW 10.05 et seq.;

C. That the diagnostic evaluation and commitment to treatment meets the requirements of RCW 10.05.150;

D. That Petitioner is eligible for deferred prosecution.

## III. ORDER

Having made and entered the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW, it is hereby

ORDERED that the defendant is accepted for deferred prosecution. The prosecution of the above-entitled matter is hereby deferred for five (5) years pursuant to RCW 10.05 et seq., upon the following terms and conditions:

A. Petitioner shall be on probation for the deferral period and follow the rules and regulations of probation;

B. Petitioner shall enroll in and successfully complete the two-year treatment program recommended by The Center according to the terms and conditions of that plan as outlined in the diagnostic evaluation, a true copy of which is attached to the Petition and incorporated herein by reference. Petitioner shall not change treatment agencies without prior Probation approval;

C. The treatment facility, The Center, shall file with the United States Probation Office status reports of Petitioner's compliance with treatment, monthly during the first year of the deferred prosecution period and every three (3) months during the second year. The Court may increase the frequency of these reports at its discretion;

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

D. Petitioner shall notify U.S. Probation within 72 hours of any residence change.

E. Petitioner shall abstain during the deferred prosecution period from any and all consumption of alcoholic beverages and/or non-prescribed mind-altering drugs;

F. Petitioner shall not operate a motor vehicle on the public highways without a valid operator's license and proof of liability insurance sufficient to comply with the state laws on financial responsibility;

G. Petitioner shall be law abiding and shall not commit any alcohol/drug-related offenses or other criminal offenses during the period of deferral,

H. Petitioner shall notify U.S. Probation within 72 hours of being arrested, questioned, or cited by Law Enforcement;

I. In the event that Petitioner fails or neglects to carry out and fulfill any term or condition of his treatment plan or violates any provision of this Order or any rule or regulation of his probation officer, upon receiving notice, the Court shall hold a hearing to determine why Petitioner should not be removed from deferred prosecution and prosecuted for the offense/offenses charged;

J. In the event the Court finds cause to revoke this deferred prosecution, the stipulated police reports shall be admitted into evidence, and Petitioner shall have his guilt or innocence determined by the Court;

K. That the statement of Petitioner for Deferred Prosecution shall remain sealed, and all subsequent reports or documents relating to his treatment information shall be sealed, to maintain confidentiality of Petitioner's treatment information;

L. That the Department of Licensing be notified of this Order accepting the Petitioner for deferred prosecution;

M. Upon proof of Petitioner's successful completion of five years' deferral period in this Order, the Court shall dismiss the charges pending against Petitioner.

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

N. Additional conditions: *See attached*

DONE IN OPEN COURT this 8th day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

Presented by:

_____
JEROME KUH
Attorney for Petitioner

I have received a copy of the foregoing Order of Deferred Prosecution. I have read and understand its contents, and agree to abide by the terms and conditions set forth herein.

Dated: 8/___/2011

_____
CASEY D. HAUFF
Petitioner

I certify that a copy of this signed Order was mailed to the subject treatment facility on __8 | 11__, 2011. The United States Probation Office was also furnished a copy of this Order.

_____
Clerk

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

WD/WA 1C
(01/05)

# SENTENCING RECOMMENDATION
## United States District Court
## Western District of Washington

## United States v. Casey Dean Hauff
## Docket No. 3:11CR5169CVB-001

**GUIDELINES:**

| | |
|---|---|
| Total Offense Level | 4 |
| Criminal History Category | III |
| Imprisonment Range | 0 to 6 months |
| Supervised Release Range | One year |
| Probation | Five years |
| Fine Range | $1,500 to $5,000 |

**RECOMMENDATION:**

| | |
|---|---|
| Custody | 120 days |
| Supervised Release | One year |
| Restitution | N/A |
| Fine | Waived |
| Special Assessment (Paid: X No _ Yes) | $30.00 |
| Voluntary Surrender | YES |

It is respectfully recommended that sentence be imposed as follows:

As to Count 1, the defendant shall be committed to the custody of the United States Bureau of Prisons for a term of 120 days.

Upon release from imprisonment, the defendant shall serve a one-year term of supervised release, subject to the standard conditions as well as the following special conditions:

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

PSI SENTENCING RECOMMENDATION
United States v. Casey Dean Hauff
Docket No. 3:11CR5169CVB-001
Page 2

2. The defendant shall submit to one drug and/or alcohol test within 15 days of placement on probation (or release from imprisonment) and at least two periodic drug and/or alcohol tests thereafter not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

3. The defendant shall not enter any establishment where alcohol is the primary commodity for sale.

4. The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. <u>The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision</u>. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer.

5. The defendant shall submit his/her person, residence, office, safety deposit box, storage unit, property, or vehicle to a search, conducted by a U.S. Probation Officer or any other law enforcement officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation; the defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

6. The defendant shall participate as directed in a mental health program approved by the United States Probation Office. The may include participation in the Moral Reconnation Therapy (MRT) program. The defendant must contribute towards the cost of any programs, to the extent the defendant is financially able to do so, as determined by the U.S. Probation Officer.

7. The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's federal income tax returns.

8. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

The Court finds that the defendant does not have the ability to pay a fine.

The defendant shall pay a special assessment in the amount of $30.00 for Counts 1 and 2, which shall be due immediately.